**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
(electronically filed)

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**                                             **CRIMINAL ACTION NO. 3:10-CR-00035-JGH**

**RAFAEL GASCON-LARA et al**                                    **DEFENDANT**

**RAFAEL GASCON-LARA'S MOTION FOR**
**PRODUCTION OF FAVORABLE EVIDENCE**

Now comes Rafael Gascon-Lara, by counsel, Rob Eggert, and moves the Court for the production of exculpatory materials pursuant to the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963), as follows:

    1.  The name and address of every person whom the government has interviewed in connection with this case, but whom it does not intend to call as a witness at trial.

    2.  Every written statement or transcript, recording, summary, or notes of oral statements given by any person described in number one above.

    3.  Material of any kind whatsoever bearing upon the guilt or innocence of the Defendant or upon the credibility of any witness or the reliability of any tangible evidence.

    4.  State whether any payment or grant or promise of immunity or any other

favorable consideration, direct or indirect, has been made to any witness or other person in connection with the investigation or prosecution of this case.

    5.  If the answer to number four above is in the affirmative, Defendant Rafael Gascon-Lara requests the name, address, and telephone number of each person who received or benefitted from such payment, grant or promise, and to be permitted to inspect and copy every document or paper in the possession of the government which authorizes, approves, implements, or evidences, such payment, promise, or grant.

    The Defendant recognizes that the Sixth Circuit has held that *Brady/Giglio* material is generally discoverable at the time of trial.  *See, U.S. v. Presser*, 844 F.2d 1275 (6th Cir. 1988).  The case also holds, however, that the material should be provided in sufficient time for the Defendant to make effective use of the evidence at trial.  If the government is permitted to delay fulfilling its constitutional duty until trial, the Defendant will be forced to request recesses and continuances to develop the information provided.  The better practice would be for the government to turn over exculpatory material at least three weeks before trial.

    **WHEREFORE**, this Court is respectfully requested to enter the attached Order.

                                                                **RESPECTFULLY SUBMITTED,**

                                                             /s    *Rob Eggert*

                                                            **Rob Eggert**
                                                           600 West Main Street
                                                           Suite 300
                                                           Louisville, Kentucky   40202
                                                           (502) 589-6190

**CERTIFICATE OF SERVICE**

 I hereby certify that on March 26, 2010, the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s 

**Rob Eggert**