FILED
VANESSA L. ARMSTRONG, CLERK
JUN 30 2011
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-35-H

UNITED STATES OF AMERICA     PLAINTIFF

VS

RODRIGO MACIAS-FARIAS, and
ELADIO HERNANDEZ-LOPEZ, JR.     DEFENDANTS

## JURY INSTRUCTIONS

**Members of the Jury,** now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proven beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendants or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I give you.

You must follow the law as I explain it to you whether you agree with it or not, and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against each defendant is not evidence of guilt. The defendants are presumed by the law to be innocent. The law does not require a defendant to

prove his innocence or produce any evidence at all. The United States has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so you must find the defendants not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and

conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

You have heard the testimony of Sean Lacefield. You have also heard that he is a convicted felon. This earlier conviction was brought to your attention only as a way of helping you decide how believable his testimony was. Do not use it for any other purposes.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges the defendants with two (2) separate offenses called "counts." Each defendant is on trial only for the particular crimes charged in the indictment. It is your duty to consider separately the evidence that relates to each charge and each defendant, and to return a separate verdict for each charge and each defendant. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that each defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 1

Count One of the indictment alleges that, between approximately January of 2010 and February 25, 2010, each defendant violated Title 21, United States Code, Section 846, when each knowingly conspired with each other and with others to possess with the intent to distribute marijuana. It is a crime for two or more persons to knowingly conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

To find either of the defendants guilty under this count, you must find that the government has proven the following two elements beyond a reasonable doubt:

(1) First, that two or more persons conspired, or agreed, to possess with the intent to distribute marijuana; and

(2) Second, that the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved both of these elements beyond a reasonable doubt in order to find either of these defendants guilty of the conspiracy charge.

With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute marijuana. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken

4

or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute marijuana. This is essential. An agreement can be proven indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

You have heard the testimony of Sean Lacefield. You should consider Lacefield's testimony with more caution than the testimony of other witnesses. Do not convict either defendant on the unsupported testimony of Lacefield, standing alone, unless you believe his testimony beyond a reasonable doubt. Furthermore, he cannot be considered as a co-conspirator after February 12, 2010 because he was cooperating with government agents.

You cannot consider references by witnesses to the alleged statements of Amber Baber because she did not testify.

With regard to the second element, you must decide whether the government has proven that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

5

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

If you find that the United States has proven both elements beyond a reasonable doubt for a particular defendant, then you must return a guilty verdict for that defendant on this charge. You must also determine the amount of marijuana involved in the conspiracy. The verdict form has a space for you to indicate the amount of marijuana. The burden is on the government to establish the amount of marijuana beyond a reasonable doubt. Record your guilty verdict for that defendant and the amount of drugs on the Verdict Form.

If you do not find that the government has proven both elements beyond a reasonable doubt for a particular defendant, you must return a not guilty verdict for that defendant as to Count One, and record it on the Verdict Form.

## INSTRUCTION NO. 2

Count Two of the indictment alleges that, between approximately February 22, 2010 and February 25, 2010, each defendant violated Title 21, United States Code, Section 841(a)(1), when, aided and abetted by one another and others, they knowingly or intentionally possessed with the intent to distribute marijuana.

To find either of the defendants guilty of this charge, you must find that the government has proven the following three elements beyond a reasonable doubt:

(1) First, that the defendant possessed marijuana;

(2) Second, that the defendant knew that he possessed marijuana; and

(3) Third, that the defendant intended to distribute marijuana.

As to the first element, the government does not necessarily have to prove that the defendant physically possessed the marijuana for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the marijuana. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the marijuana, either directly or through other persons.

One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the marijuana. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned. But just being present with others

who had possession is not enough to convict.

As to the second element, the government must prove that the defendant knew that he possessed narcotics, meaning that his possession was not due to carelessness, negligence or mistake.

Although the government must prove that the defendant knew that he possessed narcotics, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession – marijuana in this case. It is enough that the government proves that the defendant knew that he possessed some kind of narcotic.

Knowledge can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show the defendant's state of mind.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with (or that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth that the materials he possessed were narcotics, then the second element may be satisfied.

As to the third element, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind or purpose to transfer them to another person.

The same considerations that apply to your determination whether the defendant knew he possessed narcotics apply to your decision concerning the defendant's intention to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior.

8

However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the narcotics.

For purposes of determining intent, it is not necessary that the defendant intended personally to distribute or deliver the drugs. It is sufficient if you find that the defendant intended to cause or assist the distribution of the narcotics. Basically, what you are determining is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution.

You may also find either of the defendants guilty under this charge if he intentionally helped someone else to commit the crime of possessing with the intent to distribute marijuana. A person who does this is called an aider and abettor. It is not necessary for you to find that he personally committed the crime.

For you to find either defendant guilty as an aider and abettor, you must be convinced that the government has proven the following elements beyond a reasonable doubt:

1) First, that the crime of possession with the intent to distribute marijuana was committed by someone;

2) Second, that the defendant helped to commit the crime;

3) And third, that the defendant intended to help commit the crime.

You should be familiar with the first element because possession with the intent to distribute marijuana has just been explained to you. However, it is important that you remember that Sean Lacefield could not commit any crimes after February 12, 2010 because he was cooperating with government agents.

As to the second and third elements, proof that the defendant may have known about the

crime, even if he was there when it was committed, is not enough for you to find him guilty. What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

If you find that the government has proven all three elements beyond a reasonable doubt for a particular defendant – either for possession with the intent to distribute or for aiding and abetting – you must return a guilty verdict for that defendant on this charge. You must also determine the amount of marijuana that the defendant possessed or aided and abetting someone in possessing. The verdict form has a space for you to indicate the amount of marijuana. The burden is on the government to establish the amount of marijuana beyond a reasonable doubt. Record your guilty verdict for that defendant and the amount of marijuana on the Verdict Form.

If you do not find that the government has proven all of the elements beyond a reasonable doubt for a particular defendant, you must return a not guilty verdict for that defendant as to Count Two, and record it on the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. If you return a guilty verdict for either count, your determination of the amount of marijuana must be unanimous as well.

To find the defendants guilty of a charge, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be

made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select a juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count and each defendant in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-35-H

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS

RODRIGO MACIAS-FARIAS, and
ELADIO HERNANDEZ-LOPEZ, JR.                                              DEFENDANTS

## VERDICT FORM

**WE, THE JURY, FIND** Defendant, Rodrigo Macias-Farias, as to

COUNT ONE (1)            _____
                         NOT GUILTY

                         _____
                         GUILTY

                         _____1000 kilograms or more

                         _____100 kilograms or more but less than 1000 kilograms

                         _____ 50 kilograms or more but less than 100 kilograms

                         _____ less than 50 kilograms

COUNT TWO (2)            _____
                         NOT GUILTY

                         _____
                         GUILTY

                         _____1000 kilograms or more

                         _____100 kilograms or more but less than 1000 kilograms

                         _____ 50 kilograms or more but less than 100 kilograms

                         _____ less than 50 kilograms

```
_____
FOREPERSON
JUROR NO. _____
DATE: _____
```

**WE, THE JURY, FIND** Defendant, Eladio Hernandez-Lopez, as to

COUNT ONE (1)

_____
NOT GUILTY

_____
GUILTY

_____ 1000 kilograms or more

_____ 100 kilograms or more but less than 1000 kilograms

_____ 50 kilograms or more but less than 100 kilograms

_____ less than 50 kilograms

COUNT TWO (2)

_____
NOT GUILTY

_____
GUILTY

_____ 1000 kilograms or more

_____ 100 kilograms or more but less than 1000 kilograms

_____ 50 kilograms or more but less than 100 kilograms

_____ less than 50 kilograms

_____
FOREPERSON
JUROR NO. _____
DATE: _____