### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) CASE NO. 10 CR 35-H |
| v. | ) |
| | ) |
| RODRIGO MACIAS-FARIAS, | ) |
| | ) |
| Defendant(s). | ) |

### MOTION FOR A NEW TRIAL OR A JUDGMENT OF ACQUITTAL
(Electronically Filed)

NOW COMES the Defendant, RODRIGO MACIS-FARIAS ("Mr. Macias"), by and through his attorney, Gal Pissetzky, and respectfully files his Motion After Discharge of Jury, pursuant to Federal Rules of Criminal Procedure Rule 29, Motion For New Trial, pursuant to Federal Rules of Criminal Procedure Rule 33, and Motion For Arrest of Judgment, pursuant to Federal Rules of Criminal Procedure Rule 34, states to this Honorable Court as follows:

### FACTUAL BACKGROUND

On July 1, 2011, Mr. Macias was convicted of knowingly conspiring to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of Title 21, USC, Sections 841(a)(1) and 846, and knowingly and intentionally possessing with intent to distribute 1000 kilograms or more of a substance containing marijuana, in violation of Title 21, USC, Section 841(a)(1) and (b)(1)(A)(vii), and Title 18, USC, Section 2.

At trial, the government presented evidence including taped conversations, videos, bundles of drugs, and witnesses. The government used this evidence to establish their case. Mr. Macias' attorney objected to the introduction of much of this evidence.

On February 8, 2013 the Appellate Court remanded this case to the trial court for resentencing. Mr. Macias is filing the instant motion and incorporates by reference all objections made during the trial as though fully recited herein. In addition, he requests the

retroactive application of the recent United States' Supreme Court decision, *Alleyne v. United States,* 133 S.Ct. 2151, 186 L.Ed.2d 314, 81 USLW 4444, 13 Cal., as this case is still before and under the jurisdiction of this court.

## ARGUMENT

The Trial Court erred in the following matter, and Mr. Macias does not limit his claims to such:

<u>Failure to Submit the Quantity of Drugs Mr. Macias was Charged with to the Jury:</u>

The trial court should have submitted the question of the amount of drugs in question to the jury, as it a factor that increases the mandatory minimum sentence for the crime and is thus an 'element of the crime', not a 'sentencing factor.' *Alleyne v. United States,* 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314, 81 USLW 4444, 13 Cal. The Sixth Amendment right to trial by jury, "in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Id.* at 2156. Furthermore, "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155. "Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id*. In fact, "defining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment. It also preserves the historic role of the jury as an intermediary between the State and criminal defendants." *Id*. at 2161 (citations omitted). Finally, "When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id*. at 2162.

In the United State's Probation Department's pre-sentence report (PSR), the report clearly states, "the defendant shall be held accountable for a total of 5,346 pounds of marijuana involved in the conspiracy." (PSR, p. 11). The Counts charged require a term of imprisonment not less than ten (10) years. (PSR, p. 16). Pursuant to *Alleyne*, the amount of marijuana involved in the offense *must* be submitted to a jury, because the

mandatory minimum is directly affected by the amount of the amount of marijuana involved in the offense, and thus it necessarily forms a constituent part of a new offense. The nature of the offense, and the amount of marijuana involved, is, under *Alleyne,* an "element" that must be submitted to the jury and proven beyond a reasonable doubt, in order to comport to Mr. Macias' Sixth Amendment and Due Process rights.

## CONCLUSION

Since the amount of marijuana involved in the offense is an element of the crime that impacts the mandatory minimum in sentencing, and the jury in this case did not make a finding beyond a reasonable doubt regarding this element, this Court must vacate the juries finding and either grant a new trial or enter a judgment that would correspond to a finding of no drug amount with a statutory maximum sentence of 20 years.

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky
Attorney for Mr. Macias
53 W. Jackson Blvd., Suite 1430
Chicago, IL 60604
(312)566-9900

## CERTIFICATE OF SERVICE

    The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

**MOTION FOR A NEW TRIAL OR A JUDGMENT OF ACQUITTAL**

was served on September 20, 2013 pursuant to the district court's ECF filers to the attorneys of record.

    Respectfully submitted,

    /s/ Gal Pissetzky_____
    Gal Pissetzky
    Attorney for Mr. Macias-Farias
    53 W. Jackson Blvd., Suite 1430
    Chicago, IL 60604
    (312)566-9900