# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-35-H

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

RODRIGO MACIAS-FARIAS                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Macias-Farias's second motion for a new trial or judgment of acquittal. For the reasons outlined below, Defendant's motion is denied.

I.

On July 1, 2011, Defendant was convicted of knowingly conspiring to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and knowingly and intentionally possessing with intent to distribute 1000 kilograms or more of a substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and 18 U.S.C. § 2.

On July 29, 2011, Defendant filed his first motion for a new trial. The Court denied the motion on September 12, 2011. Defendant proceeded to appeal both his conviction and sentence to the Sixth Circuit, which affirmed this Court's denial of a new trail but ordered a limited remand for this Court to make specific findings regarding the applied sentence enhancement of obstruction. The Court made the required findings and proceeded to resentence Defendant, reserving its ruling on the current motion at that time.

II.

In his second motion for a new trial or judgment of acquittal, Defendant urges the Court to retroactively apply the rule set forth in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). There are two problems with this proposition: (1) the motion is untimely, and (2) *Alleyne* affords no relief for the Defendant.

Defendant moves for relief under Federal Rules of Criminal Procedure 29 (Judgment of Acquittal), 33 (New Trial) and 34 (Arresting Judgment). The cited rules indicate that a Rule 29 motion must be made "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R.Crim. P. 29(c)(1). Likewise, a Rule 34 motion must be made "within 14 days after the court accepts a verdict or finding of guilty…." Fed. R.Crim. P. 34(b). Finally, a Rule 33 motion for a new trial that is not based on—as this motion is not—newly discovered evidence must be filed "within 14 days after the verdict or finding of guilty." Fed. R.Crim. P. 33(b)(1)-(2).

Defendant does not allege any newly discovered evidence that would warrant extending the deadline for filing a Rule 33 motion for a new trial. He filed the present motion on September 20, 2013, well over two years after the jury delivered its verdict in his criminal trial on July 1, 2011. Defendant's motion appears to be untimely.

Even retroactive application of *Alleyne* would not merit a new trial. *Alleyne* stands for the proposition that any fact that increases a mandatory minimum sentence is an "element" that must be submitted to the jury. *Alleyne v. United States*, 133 S.Ct. 2151, 2158, 2163 (2013). In the present case, the jury determined that the prosecution had proven beyond a reasonable doubt that more than 1000 kilograms of illegal drugs were involved in both Counts I and II. ECF No. 246, p.6 ("You must also determine the amount of marijuana involved in the conspiracy. The verdict

form has a space for you to indicate the amount of marijuana. The burden is on the government to establish the amount of marijuana beyond a reasonable doubt."); *id.* at p. 10 ("You must also determine the amount of marijuana that the defendant possessed or aided and abett[ed] someone in possessing. The verdict form has a space for you to indicate the amount of marijuana. The burden is on the government to establish the amount of marijuana beyond a reasonable doubt."). On the verdict form, the jurors duly indicated their unanimous agreement that the government had met its burden of establishing beyond a reasonable doubt that Counts I and II each involved "1000 kilograms or more." ECF No. 247.

In his motion, Defendant notes a sentence from the Presentencing Report that states "defendant shall be held accountable for a total of 5,346 pounds of marijuana involved in the conspiracy." This does not change the fact that the operative amount of drugs which dictated the minimum penalty for the crimes at issue here—i.e., the fact that *Alleyne* instructs should be treated as an "element" of the crime and decided by the jury, rather than a sentencing factor weighed by the judge—was decided by an appropriately instructed jury.

Being otherwise sufficiently advised,

IT IS ORDERED that Defendant's motion for a new trial or judgment of acquittal (ECF No. 408) is DENIED.

cc: Counsel of Record