UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

vs.                                                                 **CRIMINAL ACTION NO. 3:10-CR-35-CRS**

**RODRIGO MARCIAS-FARIAS**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of Defendant Rodrigo Marcias-Farias for compassionate release. He requests that his home detention be terminated and he be permitted to begin his term of supervised release at this time. DN 514. This is his second compassionate release motion. At the time of his first motion, Marcias-Farias was incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Defendant is now serving the remainder of his sentence on home detention.

Defendant received a 240-month sentence of imprisonment to be followed by a ten-year period of supervised release. He received this significant sentence for reasons including: (1) he had a 2000 federal conviction for conspiracy to possess and attempt to possess with intent to distribute 675 grams of cocaine; (2) he was held accountable for 5,346 pounds of marijuana at sentencing for the crimes of conviction in this case; and (3) he received an adjustment for his role as the organizer or leader of the marijuana trafficking conspiracy involving seven individuals.

Marcias-Farias served the first ten years of his twenty-year sentence in federal prison. Defendant sought compassionate release in 2020 asserting that various "co-morbidities" placed him at greater risk of serious illness or death should he contract COVID-19 in prison.

1

In that motion, he sought an order of home confinement, suggesting that although district courts lack the authority to modify the method of imprisonment during a term of incarceration, "the Court can effect the same result as designation of home confinement…by reducing Defendant's current sentence to time served, expanding the supervised release term, and imposing a condition of home confinement on the expanded supervised release term." DN 496, p. 44, PageID #3633. He stated, "It would be disingenuous to suggest Defendant's being sent to home confinement somehow frees him from serving the sentence he deserves. *He will serve every day of his sentence in a location that the BOP has been authorized by Congress to designate as a venue for service of sentence.*" *Id.* (emphasis added). This statement is somewhat ironic inasmuch as Marcias-Farias now seeks to have the remaining years of his sentence reduced to time served after having been on home detention for only one year.

The Court declined to grant Marcias-Farias' initial compassionate release motion finding that he failed to establish an extraordinary and compelling reason for reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). DN 501. Additionally, the Court noted that even if an extraordinary and compelling reason had been shown, the Court would be required to consider the likelihood that a repeat drug trafficking conspiracy offender would reoffend and concluded:

> [T]he sentencing factors were thoroughly and carefully considered in imposing sentence in this case. The nature and circumstances of the offense, the weight of the evidence, Marcias-Farias' history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by his release were taken into account in reaching the imposition of a 240-month prison sentence less than half of which has been served. The Court finds no ground to justify any reduction in Marcias-Farias' sentence, and that a reduction would fail to respect the seriousness of his crimes.

DN 501, p. 9, PageID #3815.

In September of 2021, Marcias-Farias was transferred by the Bureau of Prisons ("BOP") to serve the remainder of his term of imprisonment on home detention. He wears an ankle monitor, lives at home with his wife and children, and is allowed work release for full-time work at Masterbrand Cabinets, Inc. in Louisville. DN 514, p. 1, PageID #3854.

Marcias-Farias does not want to serve the rest of his sentence of imprisonment on home detention and has filed the present motion for compassionate release. He asks the Court to reduce his sentence to time served and permit him to immediately begin his term of supervised release. He indicates in his motion that he has petitioned President Biden for commutation of his sentence and he has provided a copy of the petition to the BOP.

In evaluating a motion for compassionate release, a district court must engage in a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, a court "must find that 'extraordinary and compelling reasons warrant such a reduction.'" *Id*. (citing 18 U.S.C. § 3582(c)(1)(A)). Second, a court must "ensure that 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. Third, a court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id*.

If a defendant satisfies each of the three requirements, a district court "may reduce the term of imprisonment," but it need not do so. 18 U.S.C. § 3582(c)(1)(A). Alternatively, if a district court determines that a defendant has failed to satisfy any of the three steps, it need not address the others before denying the motion. *See Elias*, 984 F.3d at 519; *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006 (6th Cir. 2020).

The First Step Act, PL 115- 391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant

has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thus, if the BOP does not file for compassionate release, a prisoner must satisfy a mandatory condition to move for such relief on their own behalf. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition"). Here, Marcias-Farias has not exhausted his administrative remedies with respect to his present request for compassionate release. Commutation of sentence is a form of clemency which may only be exercised to commute a federal sentence in the President's discretion. Thus providing notice to the BOP that he has filed a petition for commutation does nothing to exhaust Marcias-Farias' compassionate release claims. The motion for compassionate release may be denied on this basis alone.

Additionally, Marcias-Farias has not argued an extraordinary and compelling reason for the court to reduce his sentence to time served. He argues that his offense "involved *only* marijuana" (DN 514, p. 1, PageID #3854)(emphasis in original)), never mind that he led a conspiracy to traffic over 5,000 pounds of it. He acknowledges that marijuana "remains for the most part illegal in Kentucky" but asserts that "the 'nature and circumstance' of the offense and the seriousness of the offense should be seen in the light of the evolving views and use of marijuana," noting that marijuana is now legal in many states. *Id.* at p. 2, PageID #3855. Marcias-Farias finds his within-guidelines sentence too harsh in light of "changing views" on marijuana. This is neither extraordinary nor compelling. Indeed, this Court would err in acting on Defendants' assertion. In a recent case addressing whether to disregard statutory text where it conflicts with a policy preference, the Sixth Circuit cited Judge Easterbrook:

> Laws are not 'harsh' or 'pointless' in any value-free framework; they seem harsh or pointless by reference to a given judge's beliefs about how things ought to work, which is why a claim of power to revise 'harsh' or 'pointless' laws elevates the judicial over the legislative branch and must be resisted.' *United States v. Logan*, 453 F.3d 804, 806 (7th Cir. 2006), *aff'd*, 552 U.S. 23, 128 S.Ct. 475, 169 L.Ed.2d 432 (2007).

*United States v. Phillips*, 54 F.4th 374, 395 (6th Cir. 2022).

Marcias-Farias does not, in fact, assert that the purported harshness of his sentence is an extraordinary and compelling reason. Rather, he urges that the "trend to de-criminalize marijuana" should be considered *with other § 3553(a) factors* to conclude that his sentence of incarceration should be reduced to time served. *Id.* He notes that he will be 47 years old; he resides in Louisville with his wife of 24 years and his children; he has had no disciplinary issues while incarcerated in federal prison or while on home detention. *Id.* at 3, PageID #3856. He contends that 10 years confinement in prison, 1 year of home detention, and 10 years supervised release would adequately reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes. *Id.* at 2, PageID #3855.

The Court must find an extraordinary and compelling reason for compassionate release before any consideration of the § 3553(a) factors becomes relevant. As all three requirements of must be satisfied, Marcias-Farias' failure to articulate an extraordinary and compelling reason for compassionate release, the inquiry may stop there.

In any event, this Court noted in the first opinion denying compassionate release that

> [T]he sentencing factors were thoroughly and carefully considered in imposing sentence in this case. The nature and circumstances of the offense, the weight of the evidence, Marcias-Farias' history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by his release were taken into account in reaching the imposition of a 240-month prison sentence less than half of which has [in 2020] been served. The Court finds no ground to justify any reduction in Marcias-Farias' sentence, and that a reduction would fail to respect the seriousness of his crimes.

DN 501, p. 9, PageID #3815.  Nothing has changed since the Court's 2020 review of the sentencing factors in this case other than Marcias-Farias' infraction-free conduct while on home detention for the past year.  This is insufficient, in the Court's view, to tip the scales in his favor.  This defendant is a repeat drug trafficker and was a leader of a large-scale marijuana trafficking organization.  The fact that he argues that his sentence should be reduced because his offense involved "*only* marijuana" suggests to this Judge that he takes his conviction and sentence for marijuana trafficking rather lightly.  This is troubling and would weigh against the defendant in a further evaluation of the sentencing factors had an extraordinary and compelling reason for compassionate release been articulated.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendant Rodrigo Marcias-Farias for compassionate release (DN 514) is **DENIED.**

cc: Counsel of Record

May 9, 2023

Charles R. Simpson III, Senior Judge
United States District Court